```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON


RAHSAAN JAMAR WATKINS,

        Movant,

v.                                  Case No. 2:99-cr-00189-02
                                    Case No. 2:02-cv-01137

UNITED STATES OF AMERICA,

        Respondent.
```

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Pending before the court are Movant's "Motion Pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure Seeking Relief from this Court's Order dated January 12, 2004 (docket sheet document # 394), filed on August 9, 2005.

Movant, Rahsaan Jamar Watkins (hereinafter referred to as "Defendant"), is serving a 235 month period of imprisonment, to be followed by a three year term of supervised release, upon his conviction by a jury of (1) engaging in a conspiracy to distribute and possess with intent to distribute cocaine base, also known as "crack," in violation of 21 U.S.C. § 846 (Count One); (2) possession with intent to distribute crack cocaine and aiding and abetting the possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two); and (3) possession of firearms during and in relation to a drug trafficking crime and aiding and abetting the same, in violation of

18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count Three).

Defendant's direct appeal of his conviction and sentence was unsuccessful. United States v. Watkins, No. 00-4565 (4th Cir., April 25, 2001)(unpublished)(# 241), cert. denied, 534 U.S. 1013 (2001).

On September 12, 2002, Defendant filed a motion pursuant to 28 U.S.C. § 2255 (# 269). The motion was denied on December 1, 2003 (## 348 and 349). Defendant sought a certificate of appealability, which was denied. United States v. Watkins, No. 04-6212, 107 Fed. Appx. 374 (4th Cir. Aug. 30, 2004).

Defendant's Rule 60(b) Motion

Defendant's Motion argues that "this Court misapplied Apprendi in Petitioner's case as determined by the Supreme Court which is contrary to Clearly Established Federal Law." (Motion, at 2.) More specifically, Defendant relies on language in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. ___ (2005), "that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id., at 2-3. He asks that the judgment be reopened. Id.

Defendant's instant Motion is a direct attack on his conviction; thus it is clearly an attempt to file a successive postconviction motion without obtaining authorization from the U.S.

Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3). This court lacks jurisdiction to consider a successive postconviction motion in the absence of the pre-filing authorization. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Recently, the Supreme Court issued its decision in Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), in which the Court approved rulings by various circuit courts of appeals that a Rule 60(b) motion filed by a prisoner which is in substance a successive habeas petition should be treated accordingly. The Court further held, inter alia, that

> a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Id., at 2647-48. However, seven Circuit Courts of Appeals have now ruled that Blakely and Booker are not retroactive.

In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant

is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

* * * The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that

4

comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. __, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), pet. for cert. filed, No. 05-5130, the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), pet. for cert. filed, No. 04-10694, the Tenth Circuit held that

5

Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review.  In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005.  In Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), the Ninth Circuit held that Blakely did not announce a watershed rule of criminal procedure, and quoted approvingly from Price.

The undersigned proposes that the presiding district judge **FIND** that Defendant's Rule 60(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it.  It is respectfully **RECOMMENDED** that the Rule 60(b) motion (# 394) be dismissed for lack of jurisdiction or transferred to the U.S. Court of Appeals for the Fourth Circuit so that court may perform its gatekeeping function under § 2244(b)(3.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e)

of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Rahsaan Jamar Watkins, and to counsel of record.

   August 29, 2005                                            /s/ Mary E. Stanley
       Date                                                  Mary E. Stanley
                                                          United States Magistrate Judge